UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARCUS TERRELL ROSS,<br><br>    Plaintiff,<br><br>  v.<br><br>SNOHOMISH COUNTY, et al.,<br><br>    Defendant. | CASE NO. C13-1467JLR<br><br>ORDER ON MOTION TO DISMISS |

  Before the court is Defendant Snohomish County's motion to dismiss the complaint in this civil rights case. (Mot. (Dkt. # 7).) Plaintiff Marcus Ross is suing Defendants Snohomish County, John Doe Snohomish County Police Officers, and Does 6-10, alleging that they discriminated against him on account of his race by arresting him on two separate occasions. (*See* Am. Compl. (Dkt. # 2).) The County moves to dismiss the complaint on numerous grounds, only one of which is relevant to this order. The relevant ground is the County's argument that service of process is insufficient. (*See* Mot.)

ORDER- 1

The County is correct that service of process is insufficient in this case.  Under Federal Rule of Civil Procedure[1] 4(c)(2), a summons and complaint may be served by "any person who is at least 18 years old and not a party . . ." to the case.  If a party to the case serves the complaint, service is ineffective.  *Id.*; *see also Grimes v. Barber*, No. C 12-3111 CW, 2013 WL 752633, at *3 (N.D. Cal. Feb. 27, 2013).  Here, Mr. Ross filed affidavits of service demonstrating that he, not anyone else, served the County.  (*See* Ross Affs. of Service (Dkt. ## 11, 12).)  Mr. Ross testifies that he personally served the County by hand-delivering the summons and complaint to the Snohomish County Auditor's Office.  (*Id.*)  This is not a valid form of service because service must be made by a non-party.  Fed. R. Civ. P. 4(c)(2); *Grimes*, 2013 WL 752633, at *3.

Where service is insufficient, the court has discretion to either dismiss the action or simply quash service and retain the case.  *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006); *Grimes*, 2013 WL 752633, at *3.  Generally, service will be quashed if there is a reasonable prospect that the plaintiff will be able to serve the defendant properly; otherwise, the action will be dismissed.  *Grimes*, 2013 WL 752633, at *3; *Crayton v. Rochester Med. Corp.*, No. 1:07-CV-01318-OWW-GSA, 2008 WL 3367604, at *5 (E.D. Cal. Aug. 8, 2008) (citing C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE (1990) § 1354, at 289; *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)).

---

[1] How service may be made is a federal question to be determined under federal law. *Henderson v. United States*, 517 U.S. 654, 656 (1996).

ORDER- 2

Here, Mr. Ross will likely be able to serve the County. Indeed, the 120-day deadline for service of process has not yet passed. *See* Fed. R. Civ. P. 4(m). Accordingly, the court exercises its discretion and quashes service rather than dismissing the case. *See S.J.*, 470 F.3d at 1293. Absent sufficient service, the court is without personal jurisdiction to rule on the pending motion to dismiss or issue any judgment that is binding on the parties. *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) ("[I]n the absence or proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process."). Accordingly, the court GRANTS IN PART and DENIES IN PART the County's pending motion to dismiss, WITHOUT PREJUDICE to refiling or re-raising the same issues in the event that proper service is made.

Dated this 26th day of November, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 3