UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARCUS TERRELL ROSS,

    Plaintiff,

v.

SNOHOMISH COUNTY, et al.,

    Defendants.

CASE NO. C13-1467JLR

ORDER EXTENDING TIME AND DENYING DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

Before the court is Defendant Snohomish County's motion to dismiss Plaintiff Marcus Ross' complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to serve within the time permitted by Federal Rule 4(m). (Mot. (Dkt. # 20).)[1] The Federal Rules permit a court to dismiss a lawsuit for deficient service of process; however, the court may, in its discretion, extend the time for service. *See* Fed. R. Civ. P.

---

[1] Snohomish County moves to dismiss the claims against it as well as the claims against other defendants: unnamed Snohomish County Police Officers and Does 6-10. (Mot. at 1.)

ORDER- 1

12(b)(5); Fed. R. Civ. P. 4(m). Having considered Snohomish County's submissions, Mr. Ross' reply, and the applicable law, the court hereby EXTENDS Mr. Ross' service deadline and DENIES Snohomish County's motion to dismiss.

## II. BACKGROUND

This is a civil rights case. On August 16, 2013, Marcus Ross filed a complaint for damages against Snohomish County, unnamed Snohomish County Police Officers, and Does 6-10 (collectively "Snohomish County"), alleging state and federal racial discrimination claims, and state claims for false arrest, malicious prosecution, outrage, and assault and battery. (*See* Compl. (Dkt. # 1).)

After receiving the complaint on August 19, 2013, Snohomish County moved to dismiss the action on the basis of improper service and failure to state a claim. (10/3/13 Mot. (Dkt. # 7).) Because Mr. Ross served Snohomish County himself, service of the summonses and complaints was indeed improper under Federal Rule 4(c)(2), which prohibits service by a party to the case. Thus, the court ordered service quashed on November 26, 2013. (11/26/13 Ord. (Dkt. # 19).)

Federal Rule 4(m) requires defendants to be served within 120 days of the complaint being filed. Mr. Ross therefore had until December 16, 2013,[2] to serve Snohomish County after his initial attempt at service was quashed. Mr. Ross did not serve Snohomish County with a summons before December 16, 2013, and Snohomish

---

[2] The court counted the time Mr. Ross had to serve from August 16, 2013, the day his complaint was filed, in accordance with Federal Rules of Civil Procedure 3 and 4, and Local Rule 6(a).

County now moves to dismiss the action pursuant to Federal Rule 12(b)(5). (12/23/13 Mot. (Dkt. # 20).) Although not within the time limit, Mr. Ross eventually served Snohomish County by serving the Snohomish County Auditor on December 27, 2013, using a professional process server. (*See* 1/6/14 Aff. of Serv. (Dkt. # 24).) Plaintiff asks the court to accept late service because he claims not to have been notified of the court's November 26, 2013, order quashing service. (*See* Currie Decl. (Dkt. #26) at 1-2.)

### III. ANALYSIS

In deciding whether to dismiss a case or extend the time period for service under Rule 4(m), the court employs a two-step analysis. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). First, if there is a showing of good cause for the delay, the court must extend the time period. *Id.* Second, if there is no showing of good cause, the court has discretion to either dismiss without prejudice or extend the time period. *Id.*

**A. Good Cause**

Mr. Ross has not established good cause warranting a mandatory extension of Rule 4(m)'s 120-day service deadline. Rule 4(m) requires courts to grant a time extension when a plaintiff shows good cause for delay. *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003). Good cause may be demonstrated by establishing, at minimum, excusable neglect. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). Four factors are relevant to the determination of excusable neglect: "(1) danger of prejudice [to the defendant], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the [plaintiff], and (4) whether the [plaintiff] acted in good faith." *In re*

*Sheehan*, 253 F.3d 507, 514 (9th Cir. 2001). However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Thus, the Ninth Circuit has held that attorney error is not excusable neglect. *See, e.g.*, *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931-32 (9th Cir. 1994) (holding that an attorney's mistake of law interpreting the time to file a post-trial motion did not constitute excusable neglect).

The court declines to find excusable neglect in this case because Mr. Ross' failure to timely serve Snohomish County was due to his attorney's error and lack of diligence. Federal Rule of Civil Procedure 4 is clear; it requires service to be effected by someone other than a party to the suit within 120 days. The fact that Mr. Ross and his attorney failed to adhere to the clear commands of the Federal Rules is not excusable error. Mr. Ross was also on notice from the time Defendants filed their first motion to dismiss that he may have served Snohomish County improperly, yet he failed to recognize or correct his mistake until after the service deadline passed. (*See* 10/3/13 Mot. at 1.)

Finally, the court finds Mr. Ross' excuse for his tardiness unpersuasive. As an explanation for late service, Mr. Ross' attorney claims that she did not receive electronic notice of the court's order quashing service. (*See* Currie Decl.) However, Mr. Ross' attorney agreed to participate in the court's electronic filing system, and thus, agreed to electronic service and notice of the courts' orders. (*See* Dkt.); *see* Local Rules W.D. Wash. LCR 5(b), (d). The court entered its order quashing service on November 26, 2013, and this court considers service and notice of its order complete at that time. *See*

Local Rules W. D. Wash. LCR 5(b). Mr. Ross' attorney is responsible for monitoring the court's electronic case filing system to ensure she receives actual notice of this court's orders; she failed to do so diligently. This is not excusable neglect.

**B.      Discretion Absent Good Cause**

The court finds that there is reason to utilize its discretion and extend Mr. Ross' time for service. Federal Rule 4(m) permits courts to grant extensions even in the absence of good cause. *Mann*, 324 F.3d at 1090 ("On its face, Rule 4(m) does not tie the hands of the district court to grant an extension of time to serve the complaint after the 120-day period."). The court's discretion to extend time for service under Federal Rule 4(m) is broad. *Henderson v. U.S.*, 517 U.S. 654, 661 (1996) (noting Rule 4's 120-day time period for service "operates not as an outer limit subject to reduction, but as an irreducible allowance.") However, it is not limitless. *Efaw*, 473 F.3d at 1041. In making discretionary extension decisions under Rule 4(m), a district court may consider factors 'like . . . prejudice to the defendant, actual notice of the lawsuit, and eventual service." *Id.* (*citing Troxell v. Fedders of N. Am., Inc.*, 160 F.3D. 381, 383 (7th Cir. 1998)); *accord Scott v. Sebelius*, 379 F. App'x 603, 604 (9th Cir. 2010).

An extension of time to effect service is warranted because Snohomish County had actual notice of the lawsuit, it has not demonstrated any prejudice, and it has already been properly served. In its motion, Snohomish County did not argue that it is prejudiced by Mr. Ross' delay in effecting service, nor did it argue that it would be prejudiced if this court were to extend Mr. Ross' service deadline. (*See generally* 12/23/13 Mot.; Reply (Dkt. # 27).) There is no other evidence in the record suggesting prejudice to Snohomish

County.  (*See* Dkt.)  Snohomish County also has had actual notice of Mr. Ross' lawsuit since its inception, as shown by its two motions to dismiss.  (*See* 10/3/13 Mot.; 12/23/13 Mot.)  Finally, Mr. Ross served Snohomish County on December 27, 2013, only eleven days after his service deadline expired.  (1/6/14 Aff. of Serv.); Fed. R. Civ. P. 4(m); RCW 4.28.080.  Thus, the court finds that the facts favor an extension of time.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Snohomish County's motion to dismiss (Dkt. # 20), and EXTENDS the time for Mr. Ross to effect service pursuant to Federal Rule of Civil Procedure 4(m).  The court notes that Mr. Ross has already served Snohomish County (Dkt. # 24), and thus, the court does not need to set a new service deadline.

Dated this 3rd day of February, 2014.

JAMES L. ROBART
United States District Judge